JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pennsylvania National Mutual Casualty Insurance Company

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christine C. McGuigan, Esquire
Weber Gallagher, 2000 Market Street, Suite 1300
Philadelphia, PA 19103

## DEFENDANTS
N&N Works, Nison Yusupov, Natan Yusupov, Jeffrey Fegan and Irina Fegan

County of Residence of First Listed Defendant **Middlesex**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. §§2201 et seq. for the purpose of determining a question in actual controversy between the parties
Brief description of cause:
Plaintiff seeks a declaration from this court that it does not have the duty to defend and indemnify defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE 11/22/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>N & N WORKS, LLC, NISON YUSUPOV, NATAN YUSUPOV, JEFFREY FEGAN and IRINA FEGAN,<br><br>Defendants | CIVIL ACTION NO.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

This is an insurance coverage declaratory judgment action in which Pennsylvania National Mutual Casualty Insurance Company seeks a declaration that it owes neither a duty to defend nor a duty to indemnify N &N Works, LLC, Nison Yusupov, and/or Natan Yusupov under an insurance policy issued to N & N Works, LLC for claims asserted against N & N Works, LLC, Nison Yusupov and Natan Yusupov in a lawsuit filed by Jeffrey Fegan and Irina Fegan in state court in March 2018.

## THE PARTIES

1. Pennsylvania National Mutual Casualty Insurance Company ("Penn National") is a mutual insurance company organized under the laws of the Commonwealth of Pennsylvania and its principal place of business is located in Harrisburg, Pennsylvania.

2. N &N Works, LLC ("N & N") is a limited liability company organized under the law of the State of New Jersey.

3. Natan Yusupov and Nison Yusupov are the members of N&N Works.

4. Nison Yusupov is a natural person who resides at 28 Bonnie Brook Lane, Edison, New Jersey 08817 and is a citizen of the State of New Jersey.

1

5. Natan Yusupov is a natural person who resides at 32 Bonnie Brook Lane, Edison, New Jersey 08817 and is a citizen of the State of New Jersey.

6. N & N Works is a citizen of the state of New Jersey.

7. Jeffrey Fegan and Irina Fegan ("the Fegans") are natural persons, husband and wife, who are residents of the State of New Jersey and are citizens of the State of New Jersey. The Fegans are named as defendants in this matter parties who may be interested in the declarations sought by Penn National herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because the parties are of plaintiff and defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

9. Venue is proper in this district pursuant to 28 U.S.C.A. §1391 because defendants reside and/or maintain their principal places of business within this district.

10. This is an action for a declaratory judgment and other relief brought pursuant to 28 U.S.C.A. §§2201 *et seq.* for the purpose of determining a question in actual controversy between the parties as more particularly set forth herein.

## FACTS

11. At all times relevant N&N Works operates and/or operated a home improvement contracting business in New Jersey.

12. In or about 2014 and/or 2015 N&N performed work at a home owned by the Fegans located at 242 South Union Avenue, Cranford, New Jersey 07016 ("the Property").

13. On or about March 11, 2018, the Fegans filed suit against N&N Works, Nison Yusupov, and Natan Yusupov in the Superior Court of New Jersey, Union County, asserting claims arising out of work N&N Works performed for the Fegans at the Property. That lawsuit is captioned *Jeffrey Fegan et. al. v. N&N Works et. al.,* Superior Court of New Jersey, Union County, docket No.:

UNN-L-1011-18 ("the Underlying Action"). A true and correct copy of the complaint filed in the Underlying Action is attached hereto as Exhibit "A".

14. The Underlying Action alleges that N&N Works and the Yusupovs commenced work at the Property in December 2014.

15. The Underlying Action alleges that while initially N&N's scope of work was limited to removal and replacement of a first floor kitchen, as time went on N&N convinced the Fegans to do additional work including renovating the entire first floor of the Property, replacing the floor joists underneath the kitchen, replacing the second floor joists above the kitchen, and entirely replacing the Property's electrical system.

16. The Underlying Action alleges that certain of the work performed by N&N was unnecessary, that certain of the work failed to comply with applicable building code, that all of the work was performed negligently, and that the work needs to be redone.

17. The Underlying Action alleges that N&N and the Yusupovs represented that they were licensed home improvement contractors, that no permits were required for the work they were to perform, that no written contracts were required to do their work, and that they had insurance that would cover any claims arising out of their work. The Underlying Action alleges that these representations were untrue and that they were made with the intent to defraud the Fegans.

18. The Underlying Action asserts claims for Negligence, violation of New Jersey's Consumer Fraud Act, and Common Law Fraud.

19. The Underlying Action seeks a return of all monies the Fegans paid to N&N for labor and materials.

20. The Underlying Action seeks an award of compensatory damages, punitive damages and an award of statutory treble damages and attorney's fees pursuant to the New Jersey Consumer Fraud Act, N.J.S.A 56:8-1 et. seq.

21. Penn National issued an insurance policy, policy number AC9 0705296, to the named insured "N AND N WORKS, LLC" (the "Policy"). The policy period was January 1, 2014 to January 1, 2015. A true and correct copy of the Policy is attached hereto as Exhibit "B".

22. N&N and the Yusupovs tendered defense and indemnity of the Underlying Action to Penn National.

23. Penn National is currently defending N&N and the Yusupovs in the Underlying Action subject to a reservation of the right to, *inter alia*, seek a judicial determination of its duty to defend and/or indemnify the N&N and the Yusupovs.

24. Penn National believes that it has no duty to defend and/or indemnify either the N&N and the Yusupovs against the claims asserted in the Underlying Action as the claims are not covered and/or are excluded from coverage under the terms of the Policy.

25. An actual and present controversy exists between Penn National and N&N and the Yusupovs as to whether Penn National has a duty to defend or indemnify the N&N and the Yusupovs against the claims asserted in the Underlying Action.

## COUNT I

26. The allegations of the preceding paragraphs of this complaint are incorporated by reference as if set forth at length herein.

27. The Policy applies, in pertinent part, to those sums the insured becomes legally obligated to pay as damages because of "property damage", as defined in the Policy, to which the insurance applies.

28. The insurance applies to "property damage" which occurs during the policy period and is caused by an "occurrence", as defined in the Policy.

29. The Policy excludes coverage for "property damage" that is expected or intended from the standpoint of N&N.

30. The Policy excludes coverage for "property damage" to that particular part of real property on which N&N is working if the "property damage" arises out of N&N's operations and for "property damage" to that particular part of any property that must be repaired or replaced because N&N's work was incorrectly performed on it.

31. The Policy excludes coverage for "property damage" to N&N's work arising out of N&N's work or any part of it and included in the "products-completed operations hazard" as defined in the Policy.

32. The Policy excludes coverage for "property damage" to "impaired property," as defined in the Policy, or to property that has not been physically injured arising out of a defect, deficiency, or inadequacy in N&N's work.

33. The Negligence claims asserted in the Underlying Action do not seek damages for "property damage" caused by an "occurrence" and/or seek damages for "property damage" that is excluded from coverage under the Policy.

34. The statutory consumer fraud and common law fraud claims asserted in the Underlying Action do not seek damages for "property damage" caused by an "occurrence" and/or seek damages that are excluded from coverage under the Policy.

35. The Policy does not cover claims for punitive damages and/or for statutory damages that are punitive in nature such as treble damages awardable under the New Jersey Consumer Fraud Act.

36. Penn National has no duty under the Policy to defend or indemnify the N&N, Nison Yusupov, and/or Natan Yusupov against the claims asserted in the Underlying Action.

**WHEREFORE**, Pennsylvania National Mutual Casualty Insurance Company respectfully requests that this Court enter an order declaring that:

1) Pennsylvania National Mutual Casualty Insurance Company has no obligation under the Policy to defend N&N Works, LLC, Nison Yusupov,

and/or Natan Yusupov against the claims asserted in the action captioned *Jeffrey Fegan et. al. v. N&N Works et. al.,* Superior Court of New Jersey, Union County, docket No.: UNN-L-1011-18;

2) Pennsylvania National Mutual Casualty Insurance Company has no obligation under the Policy to indemnify N&N Works, LLC, Nison Yusupov, and/or Natan Yusupov against the claims asserted in the action captioned *Jeffrey Fegan et. al. v. N&N Works et. al.,* Superior Court of New Jersey, Union County, docket No.: UNN-L-1011-18 and/or indemnify the Company and/or Protonentis against the claims asserted in the Underlying Action; and

3) Granting such other relief as the Court deems appropriate.

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY, LLP

By: _____
Christine C. McGuigan, Esquire
Attorneys for Plaintiff
Pennsylvania National Mutual Casualty
Insurance Company

Date: November 25, 2019